UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Christopher Barrett, ) | Crim. No.: 4:15-cr-00344-RBH-1 |
| ) | Civil Action No.: 4:17-cv-01062-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which he filed on April 24, 2017. [ECF #155]. The Court denies the motion for the reasons herein.[1]

**Background**

On February 29, 2016, Petitioner pled guilty without a written plea agreement to Count I of a multi-count indictment for conspiracy to manufacture, pass and possess with intent to defraud counterfeit Federal Reserve Notes and knowingly possessing, passing and uttering counterfeit Federal Reserve Notes in violation of 18 U.S.C. §§ 371, 471 and 472. Following the entry of his guilty plea, while Petitioner was out on a federal bond, he was arrested and charged by state authorities for using counterfeit U.S. Currency and for possessing methamphetamine and drug paraphernalia. [ECF #111, p. 6]. Petitioner was also in violation of home detention conditions related to his federal bond when he was arrested. [ECF #111, p. 6]. The presentence investigation report ("PSR") prepared by the U.S. Probation Office indicates that he was ordered to be detained by The Honorable Thomas E. Rogers, III, U.S. Magistrate Judge, on April 28, 2016. [ECF #111, p. 6]. Because Petitioner violated the conditions

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

of his bond, he was not awarded a reduction for "acceptance of responsibility" as provided for by the Sentencing Guidelines. [ECF #111, p. 30]. The maximum term of imprisonment for Petitioner's conduct was five (5) years. [ECF #111, p. 34]. His guideline imprisonment range was 41 months to 51 months. [ECF #111, p. 34]. Petitioner objected to the fact that the PSR indicated he received a manufacturing enhancement and because he was denied the two-point reduction for acceptance of responsibility. [ECF #111-1].

On July 13, 2016, the Court held a sentencing hearing. At the sentencing hearing, the government and Petitioner agreed to an unopposed variance motion with a sentence range of 30-36 months, in exchange for resolving the objections to the PSR raised by Petitioner and Petitioner waiving his right to appeal the sentence. [ECF #164, pp. 2-3]. The Court granted this unopposed variance motion, sentencing Petitioner to a term of 33 months. The judgment was entered on July 15, 2016. [ECF #108]. Petitioner did not appeal his conviction or sentence. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on April 24, 2017. Petitioner alleges as his grounds for his motion that he did not receive the benefit of the applicable reduction level in the calculation of his sentencing guideline range for acceptance of responsibility and a one-level reduction for timely notification of his intent to plead guilty under the Sentencing Guidelines. On May 11, 2017, the government filed a response and motion for summary judgment, arguing that Petitioner's motion should be dismissed because the motion is barred by procedural default, is not cognizable on collateral review, and fails on the merits of Petitioner's claim. [ECF #165, #166]. On May 15, 2017, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner did not file a response. For the reasons stated below, the Court

grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice .

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492

F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

**Discussion**

Petitioner has not filed a response to Respondent's argument that summary judgment should be granted in its favor. Despite the fact that Petitioner did not file a response, this Court has thoroughly reviewed Petitioner's motion, as well as the pleadings filed by the Respondent. Upon review, this Court finds that Petitioner is not entitled to the requested relief and fails to set forth an adequate basis to vacate his sentence under 28 U.S.C. § 2255.

First, Respondent argues that because Petitioner failed to raise these grounds on direct appeal, he is procedurally barred from filing a § 2255 motion seeking the requested relief. The Fourth Circuit has held that claims of error that petitioner failed to raise on direct appeal are procedurally barred unless a petitioner shows both cause for the default and actual prejudice. *United States v. Bowman*, 267 Fed.

4

Appx. 296, 299 (4th Cir. 2008). Here, Petitioner argues that because the state court charges that were pending at the time he was sentenced were subsequently "nolle prossed," any basis for denying him a point reduction based on acceptance of responsibility or a timely plea was unwarranted. According to a document dated August 8, 2016 and filed by Petitioner with his motion, the state court charges all received a disposition of nolle prosequi. [ECF #155-2, p. 1]. The document, a letter from an assistant solicitor, does not provide any explanation or reason for this disposition. Moreover, as pointed out by Respondent, Petitioner did not file a direct appeal in this case. Petitioner has not otherwise made a showing of actual prejudice or that he is actually innocent. Thus, it appears that Petitioner's claims are procedurally defaulted.

Nonetheless, even assuming that Petitioner was not otherwise procedurally barred from bringing these claims, Petitioner's claim that he ought to receive a reduction in his guideline range is not cognizable in collateral proceedings. A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on misapplication of the Sentencing Guidelines. *United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); *see also United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) (explaining that circuit courts of appeals generally hold that errors of guideline interpretation or application ordinarily fall short of a miscarriage of justice."). In fact, in *United States v. Foote*, the Fourth Circuit held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. 784 F.3d 931, 940 (4th Cir. 2015). Applying *Foote* to the instant case and assuming the Court erred in failing to award Petitioner credit for acceptance of responsibility and a timely plea, Petitioner's claim that his sentence was improperly

5

calculated because the additional state charges he received leading to the revocation of his bond were later "nolle prossed," is not a cognizable claim under § 2255.

Finally, Respondent argues that Petitioner was properly denied credit for acceptance of responsibility. In order to earn the applicable point reduction for acceptance of responsibility, a defendant must prove by a preponderance of the evidence that he has "clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v.* McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011) (citing *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 2006)). Ordinarily, great deference is given to the district court's decision and the decision is reviewed for clear error. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). Here, Petitioner's sentencing guideline range did not include credit for acceptance of responsibility because of the conduct leading to his arrest by state authorities, and because he violated bond conditions by being outside of his residence at the time of his arrest. Regardless, Petitioner agreed at sentencing to withdraw his objection to this loss of credit in exchange for a recommended sentence ranging from 30 to 36 months and was sentenced in accordance with that agreement to 33 months. At the sentencing hearing, this Court also adopted the findings found within the PSR, which adequately set forth the description of the conduct warranting the denial of credit for acceptance of responsibility while Petitioner was out on bond. Petitioner is not entitled to relief.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this

6

standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF #166] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF #155]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

August 29, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge